

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JUAN ANTONIO RAMIREZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:06-CV-0316 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner JUAN ANTONIO RAMIREZ, a state prisoner confined in the Neal Unit in Potter County, Texas, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a state prison disciplinary proceeding held at the Ramsey I Unit in Brazoria County, Texas. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On January 10, 1979, petitioner was convicted, pursuant to a guilty plea, of the offense of murder in the 229th Judicial District Court of Starr County, Texas, and sentenced to thirty-five (35) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). *State v. Ramirez*, 78-CR-78. Subsequent thereto, petitioner was granted early release

from confinement to mandatory supervision.  On June 1, 1995, petitioner was convicted, pursuant to a guilty plea, of the offense of aggravated assault in the 229th Judicial District Court of Starr County, Texas, and sentenced to twenty (20) years imprisonment in TDCJ-CID.  On June 22, 1995, petitioner's mandatory supervised release on the murder sentence was revoked.  Based on the dates he committed the offenses, petitioner is eligible for mandatory supervision on his murder charge, but not on his aggravated assault charge.  Further details of petitioner's holding convictions are not necessary for a resolution of the instant case.

On or about September 8, 2006, petitioner was accused, in Disciplinary Case No. 20070004016 with the Level I, Code 3.3 offense of "assaulting an officer, or any other person who is not an offender, without a weapon, which results in a non-serious injury."  Specifically, petitioner was alleged to have "assaulted Johny Abraham, RN, FNP, by knocking [his] hand down" during a medical examination in the infirmary for complaints of nasal drainage.  After a disciplinary hearing, a Hearing Officer found petitioner guilty of the charged offense and assessed punishment to include, as relevant here, the loss of one-hundred (100) days previously accrued good time credits.  Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance arguing he "never move[d] his hand while [the nurse] examined [his] nose."  On September 21, 2006, petitioner's grievance was denied with the findings that the record disclosed no procedural errors and there was sufficient evidence to justify the findings.  Petitioner also filed a Step 2 grievance wherein he again argued the disciplinary charges against him were false, asserting he never moved the nurse's hand despite the nurse applying a lot of pressure to petitioner's head where his skull had previously been fractured.  Petitioner's Step 2 grievance was denied October 11, 2006 with the findings that the disciplinary charge was appropriate for the offense, the guilty verdict was

supported by a preponderance of the evidence, due process requirements were satisfied, and the punishment assessed was within agency guidelines.

## II.
## GROUNDS

In his habeas application and accompanying memorandum, petitioner does not appear to allege prison officials violated his procedural due process rights in the disciplinary proceeding. Nor does petitioner allege, as he did in his grievances, that he did not move the nurse's hand during the examination and that his accuser thus falsified the disciplinary charges against him. Instead, petitioner, now acknowledging he "did lift [the nurse's] hand to stop the pressure" and "ease the pain to his head," appears to allege he was not guilty of the Level I, Code 3.3 assault offense because his moving of the nurse's hand was a "reaction to sudden pain." Petitioner continues to maintain he did not "grab" the nurse's hand, and argues the elements of assault under the Texas Penal Code were not met because his lifting of the nurse's hand was only a reaction "to unnecessary force to his injured head" and did not cause any bodily injury to the nurse.

## III.
## RESPONDENT'S MOTION TO DISMISS

On February 15, 2007, respondent filed with this Court a motion to dismiss petitioner's habeas application. By his motion, respondent seeks summary dismissal of petitioner's application "because he fails to state a claim upon which relief can be granted." Specifically, respondent argues:

1.  Petitioner has no liberty interest in his loss of good time because there is only a tenuous or speculative impact on his time served;

2.  Petitioner's *de minimis* loss of good time is too inconsequential and tenuous to inevitably affect the duration of petitioner's sentence; and

      3.      The *de minimis* loss of good time does not create a liberty interest. Alternatively, respondent argues "all due process requirements were observed during the disciplinary hearing" and petitioner's "allegations are controverted by the record, conclusory, and cannot form a basis for habeas relief.

After the filing of respondent's motion to dismiss, the Fifth Circuit Court of Appeals handed down the case of *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). The *Teague* ruling appears to address each of the bases for summary dismissal urged in respondent's motion. Since, however, petitioner's underlying ground for relief is without merit, the undersigned does not make a recommendation on respondent's motion to dismiss. Instead, the undersigned addresses respondent's alternative argument that petitioner's "allegations are controverted by the record," and that he is not entitled to federal habeas relief.

IV.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct.

2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566.

In addressing these types of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Petitioner does not argue he was denied any of the procedural protections outlined above. Instead, he appears only to argue he was not guilty of the Level I, Code 3.3 assault offense because the elements of assault under the Texas Penal Code were not met in that his lifting of the nurse's hand did not cause any bodily injury to the nurse, a necessary element of assault under the penal code. Petitioner's argument is without merit. The statutory criminal offense of assault under Texas criminal law and the prison disciplinary offense of assault are not one and the same. Here, petitioner was charged with committing the prison disciplinary offense of assault under Level I, Code 3.3 which requires only that petitioner assault an officer, or any other person who is not an offender, without a weapon, resulting in a non-serious injury or no injury. No injury to the victim is

required to establish an inmate committed the disciplinary offense. Petitioner's claim should be denied.

Further, the offense report, the statement of the nurse, and the nurse's testimony at the hearing provided "some evidence" to support the Disciplinary Hearing Officer's finding of guilt. Again, this Court is not to engage in a sufficiency of the evidence analysis in a prison disciplinary proceeding as due process requires only "some evidence" in the record to support the disciplinary decision. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). Consequently, the hearing officer's finding of guilt, which required only the support of *some facts, or any evidence at all*, must be upheld.

Lastly, during the investigation and at the hearing, petitioner maintained only that he "did not touch" the nurse's hand and that any accusations to the contrary were false. Petitioner did not, and has not, submitted any evidence to demonstrate the disciplinary charges brought against him were false, asserting instead only his own self-serving statement that he did not commit the action of which he was accused. It is well settled that the credibility of witnesses and of the evidence presented is left to the discretion of the hearing officer. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). This court is not free to substitute its judgment as to the credibility of the charging officer or any other witnesses for that of the hearing officer. The hearing officer accepted the statements of the nurse based on a determination, whether implicit or explicit, that the nurse was credible. This court must defer to the hearing officer's acceptance of the nurse's statements and testimony. Petitioner has presented no allegation that the hearing officer's credibility determination was not supportable or was an abuse of discretion. The guilty finding is not subject to being overturned on the basis that there was, or may have been, contradictory evidence before the hearing

officer. Petitioner's claims must be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JUAN ANTONIO RAMIREZ be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of July 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).